UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cause No. 1:23-CR-41-HAB |
| | ) | |
| ALEXANDER SHORT | ) | |
| | ) | |

**OPINION AND ORDER**

Shortly after Co-Defendant, James Oldham ("Oldham"), moved to suppress certain evidence and requested a hearing, Defendant, Alexander Short ("Short"), moved for a severance from Oldham under Federal Rule of Criminal Procedure 14. (ECF No. 54). Short claims that failing to grant a severance would amount to prejudicial joinder denying his Sixth Amendment right to a speedy trial. Short's motion is now fully briefed (ECF Nos. 54, 63, 76), and ripe for consideration.

Short's motion falls short. Any claimed prejudice is insufficient to grant a severance. This is all the more true considering much of the delay here can be properly attributed to Short himself. The Court thus DENIES Short's Motion to Sever. (ECF No. 54).

**DISCUSSION**

Federal Rule of Criminal Procedure 8(b) allows for joinder of multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Joinder is especially appropriate where, as here, the defendants are charged with conspiracy to commit the same crime. *United States v. Velasquez*, 772 F.2d 1348, 1352-53 (7th Cir. 1985). Short does not allege that his case was improperly joined with Oldham's.

"There is a particularly strong preference for a single trial with codefendants who have been jointly indicted[,]" as with Short and Oldham. *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003). But that does not mean that joinder will always remain appropriate under such circumstances. Federal Rule of Criminal Procedure 14 thus permits the Court to sever defendants' trials "[i]f the joinder…appears to prejudice a defendant." Fed. R. Crim. P. 14. "When defendants have been properly joined, 'a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Souffront*, 338 F.3d at 828 (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

Short's only argument is that joinder here prejudices him by denying his right to a speedy trial. Because Short's claim is based on his Sixth Amendment right to a speedy trial, the four factors from *Barker v. Wingo*, 407 U.S. 514 (1972), inform the Court's analysis. *United States v. Gunter*, 77 F.4th 653, 655 (7th Cir. 2023). Those factors are: "(1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay." *Id.* When a defendant invokes his right to a speedy trial, he must provide some analysis under these factors. *Id.* at 657-58. If a defendant "fail[s] to develop his argument in any meaningful way, he has waived it." *United States v. Adams*, 625 F.3d 371, 378 (7th Cir. 2010).

The Court finds Short's motion wanting. He provides no case law and does not even mention the *Barker* factors. Nor does Short explain how he is being prejudiced other than being incarcerated since his arrest. Although the Court finds Short waived his argument, for completeness, the Court will address the *Barker* factors.

The first factor is essentially a threshold requirement and "[a] delay approaching 1-year is presumptively prejudicial." *United States v. Harmon*, 721 F.3d 877, 882 (7th Cir. 2013). Short's case meets this minimum threshold. But, in *Barker,* the Supreme Court instructed that "the length of delay that" triggers the threshold "is necessarily dependent upon the peculiar circumstances of the case." 407 U.S. at 530-31. As an example, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531.[1] The complexities in Short's case do not lean in his favor.

Short and Oldham are charged with participating in a complex drug conspiracy that involved bringing fentanyl pills from Arizona to Indiana via commercial airlines. The conspiracy stretched across several years and several states. It involves many other federal defendants from multiple cases. The Government intends to use up to 12 cooperating defendants and witnesses, and there are at least 6 related federal cases pending. Discovery includes several cell phone downloads as well as Instagram communications from 11 accounts, resulting in over 150,000 pages of messages. And the evidence also includes a number of traffic stops, pill seizures, and money seizures both in Arizona and Indiana. This is no simple street crime. It is a highly complex conspiracy case. With Short's case just approaching one year, the Court questions whether the first factor even supports his claim. But even if Short did meet the threshold, the other factors reveal a lack of any prejudice.

As for the second factor, "[p]retrial delays are often inevitable and justifiable, and different weights are therefore given to different causes of delay." *United States v. Patterson*, 872 F.3d 426,

---

[1] *See also United States v. Saenz*, 623 F.3d 461, 463-65 (7th Cir. 2010) (citations omitted) (denying speedy trial claim with 20-month delay in complex case with many defendants); *United States v. Hills*, 618 F.3d 619, 625-33 (7th Cir. 2010) (denying speedy trial claim with fraud case involving multiple defendants and 2-year delay); *United States v. Oriedo*, 498 F.3d 593, 598-601 (7th Cir. 2007) (denying speedy trial claim despite 20 continuances, 4 superseding indictments, and delay of 3 years).

435 (7th Cir. 2017). "Delays due to the complexity of the case and the large number of defendants support a finding that no Sixth Amendment violation occurred." *Hills*, 618 F.3d at 630. The Government is not responsible for delays the defendant requested. *Id.* And delays requested by a codefendant are at most neutral and are not the Government's fault. *Oriedo*, 498 F.3d at 599.

To properly analyze this factor, a brief case chronology is warranted. Officers arrested Short on June 22, 2023, in Arizona. His initial appearance on the indictment was held on July 26, 2023. At his arraignment, Short requested time to consider the filing of pretrial motions, with the initial deadline for such motions being August 30, 2023. The initial trial was set for October 3, 2023. Short then requested a continuance of 120 days to review voluminous discovery. Short had no objection to the continuance and the Court granted it. At this point, his codefendant had not even been arrested yet; Oldham's initial appearance in the case didn't occur until September 13, 2023.

When Oldham appeared, the Court scheduled a joint trial on February 6, 2024. In December 2023, Short again moved to continue the trial and requested another 120 days because of the vast discovery.[2] Short did not object to this motion either. The Court granted Short's continuance, setting the seven-day jury trial for June 11, 2024, and the pretrial motions deadline for May 14, 2024. Oldham filed his motion to suppress on May 13, 2024, and Short filed the present motion to sever two days later. Without belaboring the point, most of the delay falls squarely on Short's shoulders because the delays came at his request and with his consent. And any other delay was appropriate and justified by the unique complexities this case presents. The second factor does not support a violation of Short's rights.

---

[2] All of Short's motions to continue also requested a continuance of all pretrial deadlines.

As for the third factor, a defendant's failure to assert his rights makes it difficult to prove a violation. *Barker*, 407 U.S. at 531-32. "[B]elated assertions of [a defendant's] speedy trial right does not weigh strongly in [their] favor" where "all the delays at issue…had [already] occurred." *Patterson*, 872 F.3d at 436 (citing *United States v. White*, 443 F.3d 582, 590-91 (7th Cir. 2006)). Here, Short did not move for severance until after Oldham filed his motion to suppress. Most of the delay Short complains of had already occurred. Rather than objecting, he sat on his rights until he filed the present motion. And, as stated above, much of the delay is his fault. The third factor does not support Short's claim either.

On to the final factor. Prejudice is examined in light of the interests which the Sixth Amendment seeks to protect. *Harmon*, 721 F.3d at 883. These interests are: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id*. at 883 (citations omitted). "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532. But "prejudice is not caused by allowing the Government properly to strengthen its case, but rather by delays intended to hamper defendant's ability to present his defense." *Harmon*, 721 F.3d at 883-84 (internal quotation marks omitted; citations omitted).

Again, the only prejudice that Short points to is his pretrial incarceration. With nothing more, the Seventh Circuit has found such a showing insufficient:

> Significant pretrial incarceration may support a presumption of prejudice, but this prejudice[,] unenhanced by tangible impairment of the defense function and unsupported by a better showing on the other factors than was made here, does not alone make out a deprivation of the right to [a] speedy trial.

*Oriedo*, 498 F.3d at 601(citing *White*, 443 F.3d at 591). Short did not consistently and unambiguously assert his right to a speedy trial; he instead allowed for continuances without

5

objection and requested most of the continuances himself. *See id.* And, along with his lack of legal analysis supporting severance, he makes no showing that his defense has been impaired. This factor cuts against Short's claim as well.

In sum, Short provided no meaningful argument and has waived the argument that joinder here is oppressive. But even if he had attempted to do so, the Court questions whether such a showing would even be possible. From the procedural history of this case, there is no oppressive joinder, and the Court denies Short's motion.

## **CONCLUSION**

For these reasons, Defendant's Motion to Sever (ECF No. 54) is DENIED.

SO ORDERED on July 30, 2024.

        s/ *Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT